NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIA CRISTINA CASTROS-RENDEROS and J.J.H.C., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General <br><br> Respondent. | No. 20-70049 <br><br> BIA A208-546-280 <br><br><br> MEMORANDUM[*] |

Appeal from the Board of Immigration Appeals

Submitted April 3, 2023[**]
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and MOLLOY,[***] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Petitioner Maria Castro-Renderos,[1] a native and citizen of El Salvador, failed to appear at her removal hearing and was ordered removed in absentia. She filed a motion to reopen, arguing she did not receive sufficient notice and was unaware of the removal hearing. She now petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal of an Immigration Judge's ("IJ") denial of her motion to reopen the in absentia order of removal. Castro-Renderos also moves to supplement the certified administrative record with two Department of Homeland Security ("DHS") I-830E forms ("Supplemental Documents"). We have jurisdiction under 8 U.S.C. § 1252.

This court's review is generally limited to the information in the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). "We may review out-of-record evidence only where (1) the [BIA] considers the evidence; or (2) the [BIA] abuses its discretion by failing to consider such evidence upon the motion of an applicant." *Id.* at 964. The Board did neither— accordingly, we may not consider the Supplemental Documents in reviewing Castro-Renderos' petition. However, as agency records, it appears the Supplemental Documents should have been included in the certified administrative record in the first instance. 8 U.S.C. § 1229a(b)(4)(C). Further, they likely bear on

---

[1] "Castro-Renderos" refers to both the lead petitioner and her minor son as rider-derivative.

Castro-Renderos' notice claim, and the failure to include that information in the record does not seem attributable to her. Because we may not review the Supplemental Documents, but the record appears incomplete without them, we remand to the BIA with directions to remand to the IJ for consideration of whether to include the Supplemental Documents into the record in the first instance and whether to reopen accordingly. In light of this disposition, we do not reach the merits of Castro-Renderos' petition to reopen. Castro-Renderos' motion to supplement the record on appeal (Dkt. 13) is DENIED.

**REMANDED. Each party shall pay its costs on appeal.**